## BIGELOW *a.* LAW.

*Brooklyn City Court; December,* 1857.

" LOBBY SERVICES."—RECOVERY.—DISMISSAL OF COMPLAINT.—
AMENDMENT.

Where the complaint declares upon a contract which is entire, and void as to a part of the consideration, it must be dismissed as to the whole claim.

But where, a complaint of this description having been dismissed, the plaintiff procures an order allowing him to amend his complaint by striking out all averments basing his claim upon the illegal consideration, it is proper to grant a motion upon the complaint as amended to set aside the order of dismissal and to grant a new trial.

Motion to set aside an order dismissing the plaintiff's complaint, and for a new trial.

This action was brought by William H. Bigelow, as assignee of David A. Bokee, against George Law. The complaint alleged that Law, the defendant, was indebted to the government in the sum of $300,000 for muskets and ammunition purchased;—that, owing to the state of the money market and to defendant's affairs, it became necessary for him to obtain an extension of payment with the government;—that to that end he employed the plaintiff's assignor to negotiate with the government for such extension, agreeing to pay him a liberal compensation for his services and trouble in effecting the object;—that Bokee entered upon and successfully effected the desired extension;—that in accomplishing the object he devoted much time, exertion, and labor;—and that the same was worth $10,000;—and claimed judgment for that amount.

In the complaint as it stood when the cause was opened to the jury, it averred that the plaintiff's assignor devoted much time, exertion, and "*influence*" to the business, and that defendant agreed to pay him a liberal compensation for his time, "*influence*," &c.

On the trial, in the opening speech of the counsel for plaintiff he alluded to the influential position, and the personal and political relation which the plaintiff's assignor sustained towards the President and the members of the government.

On the complaint as it then stood, and on the opening, the defendant's counsel moved for dismissal of complaint, on the ground substantially that the claim was against public policy, and was in its nature a claim for lobby services. The court dismissed the complaint.

Plaintiff thereupon asked to amend his complaint, striking out the word "influence" where it occurred. Leave to make this amendment was granted.

The plaintiff now moved to set aside the order dismissing the complaint, and for a new trial.

*J. M. Van Cott*, for the motion.

*J. A. Lott*, opposed.

CULVER, J.—The order made by me on the trial of this cause, dismissing plaintiff's complaint, was based on the complaint as originally framed, and on the opening of the plaintiff's counsel.

The averment that the plaintiff's claim, in part, was for the "influence" used by Bokee with the heads of departments, and the expressions of counsel to the same effect, strongly impressed me with the opinion that the contract being an entire one, and void in part, must be held void *in toto*[*] (Rose *v.* Truax, 21 *Barb.*, 361). An agreement to compensate one for his "*influence*," personal or political, with the government, it is not pretended could be enforced. The worth or measure of value of one's "influence" would be no easy matter to determine in dollars and cents.

But striking from the complaint all claim for the "influence" exerted, the plaintiff is left asking compensation for his "*services*," "time," "trouble," and "labor" devoted, at the request of defendant, to this negotiation for his benefit. The motion for dismissal of the complaint assumed its averments as true; and if they are all true, I think it is going too far to say that, under this complaint, the plaintiff should not recover *something*.

It is proper to remark, further, that since this nonsuit was ordered by me, the Court of Appeals, in Sedgwick *v.* Stanton (4 *Kern.*, 289), have somewhat shaken or modified the decisions made by the lower courts. That court has declared, in the case cited, "that a party who has a claim against the State may employ an agent to present and urge it, with proofs and arguments, before the tribunal authorized to act upon it, and that an agreement to pay such agent is valid, and can be enforced." I gather from this case, that the Court of Appeals mean carefully to intimate that courts have gone at least quite far enough in neglecting these claims as void and against public policy.

Taking the case, therefore, as it is now furnished by the amended complaint, and in view of the doctrine laid down by the Court of Appeals, and without prejudging the case as it may appear in another and full trial, I have come to the conclusion that the plaintiff should have a new trial.

The order dismissing the complaint is therefore set aside, and a new trial granted, with costs to abide the event.

---

[*] Compare also, as to recovery for services as lobby agent, Marshall *v.* The Baltimore & Ohio Railroad Company, 16 *How.*, 314. That an entire contract, &c., void in part is void *in toto*, see Roberts *a.* The Mayor, &c., of New York, *ante* 41.