Neilson, Ch. J.
This action, for the breach of a promise of marriage, was tried before a late judge of this court, and the plaintiff had a verdict for seven thousand eight hundred and sixty-five dollars. The application *27 for a new trial, which could not be heard before him by-reason of the expiration of his official term, is now brought on by arrangement of counsel.
In my view of the case it becomes necessary to consider only one of the questions raised at the trial.
The pleader in drawing the complaint seems to have been aware that in counting upon a contract, a consideration for the promise should be alleged, but not that an averment of mutual promises was requisite or sufficient, or that the particular consideration stated must be meritorious. He therefore charges the defendant with having made a proposal and promise of marriage in consideration of illicit intercourse. The entire consideration for the engagement is thus stated in the complaint. It is hardly necessary to say that a contract thus grossly immoral would not support the action (1 Story on Qontrr., %% 458, 460, 490, 541; 1 Pars. Qontr., 5th ed., p. 455 ; 2 Id., p. 68).
This objection, raised, repeated, and urged on the the trial, was overruled, and exceptions taken.
The learned presiding judge seems to have had in view the rule that where a contract is founded on two considerations, one of which is merely void, but not vicious, and the other good, the contract is binding to the extent of the good consideration. He ruled that “ if, in fact, mutual concurrent promises to marry were a part of the consideration, the plaintiff could recover.” It does not seem to have occurred to him that such a rule would tend to legalize contracts for prostitution, or that the principle in view is never applied to an agreement tainted with immorality. Courts of justice will not aid the illicit or corrupt arrangement, or sift out one part of it to save the other part. When a portion of the consideration is valid, and the other malum in se, the failure is entire: the maxim ex turpi contractu non oritur actio applies (4 N. Y., 449; 20 Barb., pp. 437-8 of Op. per Allex, J.).
*28 As the complaint contained no averment of mutual promises, or of a promise by the plaintiff, her counsel moved to amend by having the pleadings conformed to the proofs. The court suggested that he should indicate what precise alteration of the complaint was desired, and that the same should be written out and verified. The counsel, instead of urging or adhering to his application, accepted that suggestion, and specified the only amendment he desired, to wit: “by adding the words, 6 and the said plaintiff promised to marry the defendant,’ after the allegation of the promise on his part.” With this amendment the complaint gave in due order the base proposal and promise on his part, the acquiescence and the promise on her part, and left undisturbed the immoral character of the arrangement. It thus became, and remained, impossible to sever the mutual promise from the objectionable consideration interwoven with it. Indeed, the amendment does not seem to have been framed, or, at the point designated, inserted in the complaint, with any view to such severance or reformation.
A new trial must be granted. But that will be fruitless to the plaintiff unless this complaint can be reformed, and the objectionable statement expunged, or properly placed. The counsel now acting for the plain • tiff may consider whether such facts can be presented to the court on a formal application as will justify the amendment. In Bigelow v. Law (5 Abb. Pr., 455), the complaint was amended after having been dismissed. If the mutual promise, prior to and separate from the immoral features of the transaction, can be averred, those features might be retained and the complaint be good. But, as this pleading now stands, it would not' appear by the judgment roll that the plaintiff was entitled to recover; such a record would be unfit to go upon the files of the court.
New trial granted.